USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/11/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRADIVERSE CORPORATION,

    Petitioner,

- against -

LUZAR TRADING, S.A.,

    Respondent.

**DECISION & ORDER**

18 Civ. 8194 (RMB)

Having reviewed the record herein, including without limitation (1) Tradiverse Corporation's Petition to Stay and Vacate New Interim Arbitration Award, dated March 8, 2019 ("Petition"); (2) Luzar Trading, S.A.'s Opposition to Petition to Stay and Vacate New Interim Arbitration Award, dated March 22, 2019; (3) Luzar's Letter Motion, dated October 23, 2018, requesting that the Court stay this action until the full arbitration panel rules on the interim award ("Letter Motion"); (4) Luzar's Cross-Motion for Confirmation of Interim Arbitration Award, dated November 30, 2018 ("Cross-Motion"), **the Court hereby denies Tradiverse's Petition, denies Luzar's Letter Motion, and grants Luzar's Cross-Motion, as follows:**[1]

1. On August 10, 2018, Luzar, a commodity merchant based in Panama, brought an arbitration claim before the International Centre for Dispute Resolution against Tradiverse, a grain provider based in New York. Pet. at 5. Luzar claimed that Tradiverse had "failed to satisfy its obligation to timely load [grain onto Luzar's] [v]essel" in the Port of Lake Charles, Louisiana, as required by contracts the parties entered into on March 9, 2018, April 17, 2018, and June 5, 2018 ("Contracts"). Dkt. No. 1-4. The Contracts, among other things, incorporated the terms of

---

[1] Any arguments raised by the parties but not specifically addressed herein have been considered by the Court on the merits and rejected.

1

the North American Export Grain Association model contract, which states that "any controversy or claim arising out of . . . this contract . . . shall be settled by arbitration in the City of New York . . . in accordance with the International Arbitration Rules of the American Arbitration Association." Dkt. No. 1-2 at 4. On August 13, 2018, Tradiverse argued in response that "its obligations under the Contracts [to load grain] had been suspended . . . [because of] an explosion . . . at the Port" on June 28, 2018. See Pet. at 3-4. On August 20, 2018, Luzar filed with the International Centre for Dispute Resolution an interim award request which Luzar argued was necessary because Tradiverse had "no tangible assets sufficient to satisfy any potential arbitration award." Dkt. No. 1-7 at 14. On August 29, 2018, arbitrator Lucienne Bulow granted Luzar an interim award and required Tradiverse to post security in the amount of $650,000. Dkt. No. 1-11. On March 1, 2019, the full arbitral panel of the International Centre for Dispute Resolution affirmed the interim award in the amount of $650,000. Dkt. No. 28-2.

2. The Court grants Luzar's Cross-Motion because "a court is required to enforce the arbitration award as long as there is a barely colorable justification for the outcome reached." Leeward Constr. Co., Ltd. v. Am. Univ. of Antigua-Coll. of Med., 826 F.3d 634, 638 (2d Cir. 2016) (citation omitted). A court should "uphold a challenged award as long as the arbitrator was even arguably construing or applying the contract." ReliaStar Life Ins. Co. of N.Y. v. EMC Nat. Life Co., 564 F.3d 81, 86 (2d Cir. 2009). These tests are easily met here. And, "[n]umerous District Courts in the Second Circuit have found that interim, prejudgement security awards are final orders subject to judicial review." Yonir Techs., Inc. v. Duration Sys. (1992) Ltd., 244 F. Supp. 2d 195, 205 (S.D.N.Y. 2002) (citation omitted).

3. The arbitrator found that Luzar had raised several potentially valid claims. Dkt. No. 1-11 at 5. "Judicial review of arbitral [] finding[s] is limited to determining whether there was any

2

colorable basis in the record for the outcome." Inficon, Inc. v. Verionix, Inc., 182 F. Supp. 3d 32, 36 (S.D.N.Y. 2016). For example, Luzar had contended that Tradiverse failed to provide the contract minimum amount of grain. See Dkt. No. 1-7 at 4. Luzar also stated that it "may also have a quality [control] claim given the condition of the [grain]" and that "Tradiverse refused to permit Luzar to send an independent surveyor to inspect and sample the cargo." Id. at 4 n.2.

4. Tradiverse has not shown that the arbitrator failed to provide Tradiverse with a fair hearing. Arbitrators need only give the parties to the dispute "an adequate opportunity to present its evidence and argument." Tempo Shain Corp. v. Bertek, Inc., 120 F.3d 16, 20 (2d Cir. 1997). Tradiverse had several opportunities to present its evidence and argument, i.e., on August 13, 2018 (when Tradiverse responded to Luzar's notice of arbitration), on August 23, 2018 (when Tradiverse submitted a statement from its expert witness supporting Tradiverse's position), and on August 29, 2018 (when Tradiverse participated in a telephone hearing with the arbitrator).

5. The Court also finds that Tradiverse's service of process by email was sufficient. See Stolt Tankers BV v. Allianz Seguros, S.A., No. 11 CIV. 2331 SAS, 2011 WL 2436662, at *4 (S.D.N.Y. June 16, 2011) (service by email was "clearly sufficient to put Respondents on notice"). Moreover, service of process by email complied with the rules of the International Centre for Dispute Resolution. See Dkt. No. 17-2, at 20; see also Doctor's Assocs., Inc. v. Stuart, 85 F.3d 975, 982 (2d Cir. 1996).

6. Because the full arbitration panel affirmed the interim award on March 1, 2019, Luzar's request for a stay is denied as moot. See ABN Amro Verzekeringen BV v. Geologistics Americas, Inc., 485 F.3d 85, 95 (2d Cir. 2007) ("[I]ssues that would otherwise have been in dispute became moot . . . [when] the court no longer needed to resolve them.").

3

**Conclusion & Order**

For the reasons stated above, Luzar's Cross-Motion for Confirmation of Interim Arbitration Award [Dkt. No. 19] is granted. Tradiverse's Petition to Stay and Vacate New Interim Arbitration Award [Dkt. Nos. 1, 28] is denied. Luzar's Letter Motion to stay the action [Dkt. No. 10] is denied.

Dated: New York, New York
June 11, 2019

_____
**RICHARD M. BERMAN**
**U.S.D.J.**